**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| James Anthony Davis,<br><br>   Plaintiff,<br><br>v.<br><br>Transunion Corp.,<br><br>   Defendant. | Case No.: 2:14-cv-607-JAD-VCF<br><br>**Order Granting Defendant's Motion to Dismiss [Doc. 5] with Leave to Amend** |

Pro se plaintiff James Anthony Davis is an inmate at Nevada's High Desert State Prison. He brings this civil rights action under § 1983, alleging that TransUnion, LLC[1] failed to correct "major mistakes" on his credit report despite repeated notice, resulting in wrongheaded collections efforts, damage to Davis's reputation, breach of his privacy, and his inability to obtain credit. Doc. 1 at 46. TransUnion timely removed this action to federal court and immediately sought dismissal of Davis's allegations under Federal Rule of Civil Procedure 12(b)(6), arguing that TransUnion is not a state actor and cannot be held liable under § 1983. Doc. 5.[2] I agree that Davis's allegations reflect a suit between private parties and § 1983, which authorizes suits against persons acting under color of state law, does not provide a legal right to relief against TransUnion. Thus, I grant TransUnion's motion to dismiss but give Davis one opportunity to amend his complaint to state a cognizable claim for relief.

---

[1] Improperly sued as "Transunion Corp." *See* Doc. 5.

[2] Davis filed a "notice of pending motions," in an attempt to alert the court that TransUnion defaulted in state court by failing to answer the complaint. Doc. 8. However, TransUnion was only served with the complaint on March 31, 2014, and timely moved to dismiss on April 21, 2014.

1

**Discussion**

**A.    Motion to Dismiss**[3]

Federal Rule of Civil Procedure 8(a) supplies the standard for pleadings in a federal cause of action and states, "[a] pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."[4]  A district court may dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6).[5] "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face."[6] "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level."[7]  The Court is also "not bound to accept as true a legal conclusion couched as a factual allegation."[8]  To state a "plausible" claim for relief, the plaintiff must "plead[] factual content that allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged."[9]  This requires a plaintiff to state

---

[3] As a *pro se* litigant, Davis is not held to the same standard as an admitted attorney. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).  A *pro se* litigant's filings are to be judged by their function, with liberal construction of "inartful pleading[s]." *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam). Nevertheless, a *pro se* litigant is not absolved from compliance with the Rules of Procedure simply because he has elected not to obtain representation. *See Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

[4] Fed. R. Civ. Proc. 8(a).

[5] *Id.* at 12(b)(6).

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[7] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[8] *Id.* (quoting *Papsan v. Allain*, 478 U.S. 265, 286 (1986)).

[9] *Iqbal*, 556 U.S. at 678-79.

1  "enough facts to raise a reasonable expectation that discovery will reveal evidence" of the
2  allegations charged.[10]

3  Under 42 U.S.C. § 1983, "Every person who, under color of any statute, ordinance,
4  regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen
5  of the United States or other person within the jurisdiction thereof to the deprivation of any
6  rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the
7  party injured in an action at law . . . ."  To hold a party liable under § 1983, a plaintiff must
8  demonstrate (1) deprivation of a right secured by the Constitution and laws of the United
9  States, and (2) that the deprivation was committed by a person acting under color of state
10 law.[11]  Section 1983 relief may only be obtained against a non-State actor when the
11 nominally private actor is "controlled by an agency of the State, when it has been delegated a
12 public function by the State, when it is entwined with governmental policies, or when the
13 government is entwined in its management or control."[12]

14 Davis's complaint never alleges that TransUnion is a state actor, and neither his
15 complaint nor response to the motion to dismiss provides any basis for § 1983 relief against
16 TransUnion.  *See* Docs. 1, 7.  His complaint is entirely devoid of any such allegations; his
17 response argues that TransUnion "acted under color of state law" when it "called [Davis's]
18 mother's house every day harassing her and threatening her for [him] to pay," and that they
19 deprived Davis of privileges and immunities guaranteed under the United States Constitution
20 by failing to correct errors in his credit score, which resulted in his loss of credit.  Doc. 7 at
21 2-3.  Put simply, what Davis describes in his allegations and argument is a private dispute
22 between private parties; these allegations do not state a plausible claim for relief under §
23 1983.  TransUnion's motion to dismiss is granted.

---

[10] *Cafasso, U.S. ex rel. v. General Dynamics C4 Systems, Inc.*, 637 F.3d 1047, 1055 (9th Cir. 2011) (quoting *Twombly*, 550 U.S. at 556).

[11] *Broam v. Bogan*, 320 F.3d 1023, 1028 (9th Cir. 2003).

[12] *Chudacoff v. University Medical Center of Southern Nevada*, 649 F.3d 1143, 1150 (9th Cir. 2011) (quoting *Brentwood Academy v. Tennessee Secondary School Athletic Ass'n*, 531 U.S. 288, 295-96 (2001).

**B.     Leave to Amend**

Although Davis has never requested leave to amend his allegations, "a district court should grant the plaintiff leave to amend if the complaint can possibly be cured by additional factual allegations."[13]  The court abuses its discretion when it dismisses a complaint without first giving a plaintiff leave to amend or determining that the allegations, if adequately pled, could survive a motion to dismiss.[14]  Although the court does not anticipate that Davis can allege the facts necessary to state a § 1983 claim against TransUnion, out of an abundance of caution and in the interest of fairness, I grant him 30 days to file an amended complaint.  Plaintiff is cautioned that under Local Rule 15-1 his amended complaint must be complete in itself; any allegations, parties, or requests for relief from prior papers that are not carried forward and reasserted in the amended complaint no longer will be before the court and will be deemed abandoned.  Plaintiff is further cautioned that his failure or inability to offer specific facts to support a federal claim against TransUnion will result in the dismissal of his case with prejudice.[15]  Additionally, **Davis is advised of the following:**

1.     If Davis chooses to file an amended complaint, it must comply with all rules of this court, which include the Federal Rules of Civil Procedure (available on the U.S. Courts website at http://www.uscourts.gov/uscourts/rules/civil-procedure.pdf) and the Local Rules of Practice for the District of Nevada (available on this court's website at http://www.nvd.uscourts.gov/).  A plaintiff is not relieved of the obligation to follow all rules of this court simply because he has chosen to represent himself.[16]

---

[13] *OSU Student Alliance v. Ray*, 699 F.3d 1053, 1079 (9th Cir. 2012).

[14] *See Benson v. JPMorgan Chase Bank, N.A.*, 673 F.3d 1207, 1217-18 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000); *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995).

[15] As Davis has not stated any cognizable federal claim, the Court does not reach the question of whether it would exercise supplemental jurisdiction over his undefined state law claims under pursuant to 28 U.S.C. § 1367.

[16] *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) (pro se litigants "must follow the same rules of procedure that govern other litigants"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates.").

2.  Although the court is in no way identifying all of the rules and procedures that Plaintiff must follow, it will highlight a few of the rules that specifically apply to the form of complaints. For example (and again, this list is in no way exhaustive and Plaintiff has the obligation to research, become familiar with, and comply with **all** of the rules of this court):

    a.  Federal Rule of Civil Procedure 10(b) requires a party to "state its claims or defenses in **numbered paragraphs**."[17] (Much like the form of pages 5-6 of this order).

    b.  Davis's amended complaint must also comply with Federal Rule of Civil Procedure 8, which (as noted above) requires a complaint to contain:

        (1)  a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;

        (2)  a short and plain statement of the claim showing that the pleader is entitled to relief; and

        (3)  a demand for the relief sought, which may include relief in the alternative or different types of relief.[18]

    c.  Given this specific guidance on pleading requirements, the court is not inclined to grant Davis leave to file a second amended complaint if the first amended complaint is ultimately found to be deficient. If Davis fails to prosecute this action, or if he fails to comply with the rules or any court order, the court may dismiss the action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure.[19]

Accordingly, it is **HEREBY ORDERED** that TransUnion's Motion to Dismiss [Doc. 5] is **GRANTED.** Davis's claims under 42 U.S.C. § 1983 and 28 U.S.C. §§ 2201 and 2202 are **DISMISSED**;

It is **FURTHER ORDERED** that Davis has 30 days to file an amended complaint that stat6es a claim for relief over which this court has jurisdiction. If plaintiff does not file

---

[17] Fed. R. Civ. Proc. 10(b) (emphasis added).

[18] Fed. R. Civ. Proc. 8(a).

[19] *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

5

an amended complaint by this deadline or his amended complaint fails to state a cognizable claim over which this court has jurisdiction, this action may be dismissed with prejudice.

DATED: September 2, 2014.

_____
JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE