**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| James Anthony Davis, | Case No.: 2:14-cv-607-JAD-VCF |
| Plaintiff, | |
| v. | **Order Remanding Case** |
| Transunion Corp., | |
| Defendant. | |

*Pro se* plaintiff James Anthony Davis sued defendant Transunion Corp. in Nevada state court, alleging a cause of action under 42 U.S.C. § 1983 as well several undefined claims under Nevada state law. *See* Doc. 1 at 15-26. Defendant removed the case to federal court, and on September 2, 2014, I granted its motion to dismiss plaintiff's § 1983 claim, leaving no viable federal claims pending. Doc. 15 at 5. I also granted plaintiff 30 days to file an amended complaint to plead a viable federal claim. Doc. 15 at 5. I cautioned plaintiff that if he "fal[ed] to prosecuted this action, or if he fail[ed] to comply with the rules or any court order, the court may dismiss the action with prejudice under Rule 41(b) of the Federal Rules of Civil Procedure." *Id.* More than three months have passed since I issued my order, and plaintiff has failed to file an amended complaint or otherwise prosecute this action.

Under Rule 41(b), "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the order states otherwise, a dismissal under this subdivision . . . operates as an adjudication on the merits."[1] Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss an action *sua sponte* for failure to prosecute.[2] "In determining whether to dismiss a claim for

---

[1] Fed. R. Civ. Proc. 41(b). Such a dismissal does not operate as an adjudication on the merits in several circumstances, none of which are applicable here. *See id.*

[2] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances").

failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."[3]

Consideration of all five factors in this case favors dismissal of Davis's federal claim with prejudice. The first two factors favor dismissal because I have waited more than three months for any response from plaintiff, but he has yet to file an amended complaint or otherwise prosecute his federal claims. I note that there is no risk to the defendants, whose motion to dismiss was previously granted; and I have already explored the less drastic alternatives by permitting plaintiff leave to amend his complaint. Finally, in previously ruling on the motion to dismiss, I effectively disposed of this case on its merits and merely permitted plaintiff one more chance to plead viable claims.

In my order, I noted that after dismissing plaintiff's 42 U.S.C. § 1983 claim—the sole federal claim he brought—I did "not reach the question whether [I] would exercise supplemental jurisdiction over his undefined state law claims" under 28 U.S.C. § 1367(c). Doc. 5 at 4 n.15. When a case has been removed from state court and all federal claims have been dismissed, the district court has discretion to retain the remaining state law claims, or remand them to state court.[4] I find that the state law claims now substantially predominate over any federal claim because I have dismissed any claim over which this court had original jurisdiction. 28 U.S.C. § 1367(c). I thus decline to exercise supplemental jurisdiction over Davis's remaining claims under 28 U.S.C. § 1367(c) and I remand the remainder of this case back to state court. 28 U.S.C. § 1447(c).

Accordingly, it is **HEREBY ORDERED** that Davis's federal claims are dismissed

---

[3] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

[4] *City of Chicago v. Int'l College of Surgeons*, 522 U.S. 156, 172 (1997); *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966).

with prejudice, and Davis's undefined state law claims are remanded back to the Eighth

Judicial District Court, Clark County, Nevada (Case No. A-14-697558-C).  The clerk of

court is instructed to enter judgment accordingly and close this case.

DATED: December 8, 2014.

_____

Jennifer A. Dorsey
United States District Judge

3